BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
ANNE K. CONLEY (State Bar No. 307952)
Anne.Conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Plaintiff*
*MICHAEL Z. HERMALYN*

Michael B. Carlinsky (*pro hac vice forthcoming*)
michaelcarlinsky@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

David C. Armillei (SBN 284267)
davidarmillei@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Plaintiff*
*FVP, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Michael Z. Hermalyn and FVP, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DraftKings, Inc., <br><br> Defendant. | Case No. 2:24-cv-00997 <br><br> ***EMERGENCY* MOTION TO REMAND** <br><br> [*Filed concurrently with Ex Parte Application to Shorten Time; Proposed Order* <br><br> Judge:      Not Set[1] <br> Trial Date:  Not Set |

---

[1] Plaintiffs' Notice of Related Case (Case No. 2:24-cv-00918) filed at ECF No. 6.

## <u>EMERGENCY MOTION TO REMAND</u>

**TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 5, 2024, at 9:00 a.m.—or, as requested in Plaintiffs' concurrently filed Ex Parte Application to Shorten Time, **today** or as soon thereafter as counsel may be heard—in the above-entitled court, located at 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Plaintiffs Michael Z. Hermalyn and FVP, LLC ("Fanatics VIP") (collectively with Mr. Hermalyn, "Plaintiffs") shall move, and hereby do move, under 28 U.S.C. § 1447 for an order remanding this action to state court.  This motion is timely because Defendant DraftKings, Inc. filed this notice of removal on February 5, 2024, and because there is no federal court jurisdiction and remand is mandatory, as set forth below.  *See* 28 U.S.C. § 1447(c).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and Proposed Order filed herewith, all pleadings and papers of record on file in this case, and such additional authority and argument as may be presented at or before the time this motion is submitted and heard.

Consistent with L.R. 77-1 and 7-19, Plaintiffs have provided notice to opposing counsel for DraftKings and, having not heard a response before this filing, understand they oppose.  As set forth in the Declaration of Anne Conley ISO Ex Parte Application to Shorten Time, at approximately 9:13 a.m. today, Plaintiffs provided notice to the Court and DraftKings via email that they would be seeking emergency ex parte relief from this Court under for the applicable Local and Court rules for emergency matters.  Plaintiffs provided its Notice of Related Case filed earlier today that set forth this request.  Plaintiffs followed up by email asking counsel to call to discuss at 12:26 p.m.  Plaintiffs have not yet heard from DraftKings.

1   DATED: February 6, 2024          MUNGER, TOLLES & OLSON LLP

2

3

4                                    By: _____ */s/ Bethany W. Kristovich*_____

5                                          BETHANY W. KRISTOVICH
                                           BRAD D. BRIAN
6                                          ANNE K. CONLEY
                                           *Attorneys for Plaintiff*
7                                          MICHAEL Z. HERMALYN

8

9                                    QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
10

11
                                     By: __*/s/ David C. Armillei*_____
12                                         MICHAEL B. CARLINSKY[2]
                                           DAVID C. ARMILLEI
13                                         *Attorneys for Plaintiff*
                                           FVP, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____
    [2] Signed electronically by Bethany W. Kristovich with the concurrence of David C.
28  Armillei pursuant to L.R. 5-1(i)(3).

1    **I.    <u>INTRODUCTION</u>**

2         Under C.D. Cal. Local Rule 77-1, Plaintiff Michael Z. Hermalyn and FVP,

3    LLC ("Fanatics VIP," and collectively, "Plaintiffs") respectfully request that the

4    Court ***today*** grant them emergency relief remanding this case again to Los Angeles

5    Superior Court so that Mr. Hermalyn's application for a temporary restraining order

6    ("TRO") finally can be heard by the state court.  This relief is appropriate to prevent

7    Plaintiffs from being irreparably harmed by DraftKings' repeated baseless removals

8    and tactical delays.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488,

9    492 (C.D. Cal. 1995).

10        This Court should not countenance DraftKings' bald gamesmanship and

11   continual manipulation of the removal process to serve its improper purpose of

12   enforcing in Massachusetts restrictive covenants that are illegal in California.  This

13   past Thursday, February 1, Mr. Hermalyn, a California resident, and Fanatics VIP,

14   his new Los Angeles-based employer, filed a complaint in Los Angeles Superior

15   Court seeking to void certain overbroad and illegal post-employment restrictive

16   covenants (global, 12-month noncompete, client non-solicitation and no-service, and

17   employee non-solicitation and no-hire prohibitions) forced upon him by DraftKings,

18   his former employer.  That same day, Mr. Hermalyn also provided notice to

19   DraftKings of his intention to seek a TRO based on the new California Business and

20   Professions Code section 16600.5, which allows former employees such as Mr.

21   Hermalyn to bring a private action for injunctive relief to void and render

22   unenforceable anticompetitive restrictive covenants even where "the contract was

23   signed and the employment maintained outside of California."  *Id.* §§ (b), (e)(1).

24        Shortly before Mr. Hermalyn's TRO motion could be heard, DraftKings

25   removed Plaintiffs' state-law case to federal court, claiming diversity jurisdiction.

26   DraftKings did not conduct ***any*** analysis as to whether it was actually diverse with

27   the members of Fanatics VIP—a limited liability company.  In fact, there is no

28   diversity; Fanatics VIP's sole member is a Nevada corporation, and DraftKings is

1    likewise a Nevada corporation.  Accordingly, on February 2, Plaintiffs filed a
2    motion to remand.  Yesterday, on February 5, Judge Scarsi on his own motion
3    remanded the case, concluding that DraftKings did not meet its burden on
4    removal.  With the case back in California state court (where it belongs), yesterday,
5    Mr. Hermalyn served DraftKings with an ex parte TRO application motion, which
6    sought an expedited hearing on Wednesday, February 7.

7           In response, DraftKings again removed, on the basis of purported diversity,
8    overnight.  Faced again with the imminent prospect that a California employee
9    working for a California company in its California offices could enjoy the robust
10   guarantees of mobility and free choice provided by the California Legislature,
11   DraftKings served Plaintiffs with these new removal papers at approximately 1:28
12   a.m. this morning.  Contravening clear Local Rules, DraftKings failed to identify the
13   new federal case created by its latest removal as "related to" the prior one.  C.D.
14   Cal. Local Rule 83-1.3.1.  This second removal was blatantly strategic: its goal was
15   to buy time while DraftKings filed its own case late last night in Massachusetts
16   federal court.  *DraftKings Inc. v. Hermalyn*, Civ. A. No. 1:24-cv-10299 (D. Mass.).
17   DraftKings is seeking a TRO to prevent Mr. Hermalyn from working, the exact
18   activity that is prohibited by the new California legislation.  And now, the
19   *Massachusetts court has set a hearing on DraftKings' motion for temporary*
20   *restraining order for this Thursday (Feb. 8).  Id.*, ECF 23.  Emergency relief is
21   necessary here to enable Mr. Hermalyn to move forward in a timely manner with his
22   own TRO motion in his first-filed case in California state court.

23          In this second removal, DraftKings now concedes that there is not complete
24   diversity between itself and Plaintiffs.  Nevertheless, DraftKings attempts to justify
25   this second-bite of the apple by asserting that Plaintiffs have engaged in "fraudulent
26   joinder" by using Fanatics VIP as a "straw party" to defeat diversity.  None of
27   DraftKings' manufactured arguments have any basis in the law.

28

As an initial matter, scores of courts have determined that the fraudulent joinder doctrine does not apply to plaintiffs. Even if it could apply, the facts here do not come close to satisfying that standard. Fanatics VIP is the entity that employs Mr. Hermalyn. It is the real party-in-interest, not a "straw man." No other entity has assigned fractional interests to it. As Mr. Hermalyn's actual employer, Fanatics VIP, has valid California state law claims against DraftKings under Business and Professions Code sections 16600 and 17200, and Code of Civil Procedure section 1060, in seeking to have Mr. Hermalyn's restrictive covenants voided so that it can continue to employ him as the Head of Fanatic's Los Angeles Office without further cloud. *See Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 902 (1998). And in any event, the motivation of Plaintiffs in selecting the parties to join the action is irrelevant to the question of whether diversity jurisdiction exists. *See, e.g.*, *Plush Lounge Las Vegas, LLC v. Lalji*, No. CV 08-8394-GW JTLX, 2010 WL 5094238 (C.D. Cal. Dec. 7, 2010) (rejecting argument that the court should "examine the motivation behind the assignment of an interest in an LLC (or the addition of a diversity destroying new member into the LLC)."). Under well-settled law, this non-diverse, state-law case (which raises important state law issues of first impression regarding California's new restrictive covenant laws) should be immediately remanded again so that Mr. Hermalyn—for the third time—can seek and soon obtain the determination on the merits of his claims to which he is entitled under California law.

## II.  BACKGROUND

Plaintiffs set forth the nature of their claims and procedural history, with appropriate citations, in their *first* remand motion, ECF No 12 at 2-4. In short, Hermalyn moved to California for the opportunity to work for Fanatics VIP, and he resigned from DraftKings. DraftKings seeks to enforce non-compete and non-solicit agreements that are blatantly illegal under California law, which provides that "*every* contract by which anyone is restrained from engaging in a lawful profession,

trade, or business *of any kind* is to that extent *void*."  Cal. Bus. & Prof. Code § 16600(a) (emphasis added); *see also, e.g.*, *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 955 (2008) (voiding non-competition agreement); *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 936 (2018) (voiding employee non-solicitation agreement); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009) (voiding customer non-solicitation agreement). DraftKings' conduct violates California's recent legislation, which expressly precludes the enforcement of restrictive covenants against California residents, regardless of where or when the contract was signed, and grants former employees like Mr. Hermalyn a private right of action for injunctive relief to stop such enforcement activity.  Cal. Bus. & Prof. Code § 16600.5.

After Plaintiffs brought their claims to protect rights granted by California law in California state court on February 1, 2024, the next day, February 2, 2024, DraftKings improperly removed this case to this Court.  DraftKings did nothing to investigate diversity before removing and, in fact, diversity is not present here.  On February 5, 2024, the Court summarily remanded, finding a lack of complete diversity.  *See* 2:24-cv-00918-MCS-E, ECF 14.

Upon remand, also yesterday, February 5, 2024, Mr. Hermalyn again noticed his intent to seek a TRO from the California state court and filed same.  Last night, DraftKings filed suit in its home state of Massachusetts federal court, seeking to enforce its non-compete and non-solicit agreements and evade Mr. Hermalyn's California protections, and requesting an immediate temporary restraining order. *DraftKings Inc. v. Hermalyn*, Civ. A. No. 1:24-cv-10299 (D. Mass.).  A hearing on DraftKings' TRO motion is now scheduled for this Thursday, February 8, 2024.  In a bald litigation gambit to prevent California state court from ruling on Hermalyn's TRO motion, DraftKings then *again* removed this case to federal court, divesting the state court of jurisdiction.

III.  **LEGAL STANDARD**

A.  **Removal and Remand**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, the Ninth Circuit "strictly construe[s] the removal statue against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). When "a case is improperly removed, the federal court *must* remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (emphasis added); *see also Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 87-88 (1991) ("Since the district court had no original jurisdiction over this case, … a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

B.  **Federal Court Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has original jurisdiction over federal questions, 28 U.S.C. § 1331, and may also hear cases under the diversity jurisdiction granted in 28 U.S.C. § 1332. As relevant here, diversity jurisdiction requires the controversy to exceed the value of $75,000 and be between "citizens of different states." 28 U.S.C. § 1332(a)(1). The Supreme Court has held that section 1332(a)'s "statutory formulation 'between . . . citizens of different

States' … require[s] complete diversity between all plaintiffs and all defendants."
*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

## IV.   ARGUMENT

### A.   This Court Correctly Held that DraftKings' Initial Removal Was Improper

This Court (Judge Scarsi) already determined that DraftKings' removal was improper for lack of diversity jurisdiction, and it remanded the case. *See* 2:24-cv-00918-MCS-E, ECF 14.  That decision was correct, and DraftKings does not challenge it.  In particular, removal was improper under *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  An LLC is a citizen of every state in which it has a member, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Plaintiff Fanatics VIP is an LLC, and its sole member is a Nevada corporation.  This destroys diversity, as DraftKings is also a Nevada corporation.  DraftKings' notice of removal was legally and factually baseless and just plain wrong, claiming there was diversity jurisdiction on the face of Plaintiffs' complaint, and citing an inapplicable legal standard for *corporations*, not *LLCs*.  Under *Harris*, it was black letter law that because "no ground for removal [was] evident in [the initial] pleading, ***the case [was] 'not removable' at that stage***." *Id.* at 694 (emphasis added); *see also* 28 U.S.C. § 1446(b)(3).

### B.   DraftKings Has Not Shown a Basis for Its *Second* Removal

Now, following remand on the Court's own motion, DraftKings again removed, but this removal is just as infirm.  DraftKings is again wrongly claiming that the Court has diversity jurisdiction.  DraftKings now *concedes*, contrary to its filing on Friday, that there is not complete diversity between DraftKings and Fanatics VIP.  Instead, DraftKings now argues, pointlessly, that Fanatics VIP cannot destroy diversity because it is a "sham."  ECF No. 1, at 18-23.

1    DraftKings cites cases related to fraudulent or improper joinder of ***defendants***

2    (including irrelevant "Doe" defendant pleading inapplicable here)—all of which

3    involve different jurisdictional considerations, such as attempts to manufacture

4    limited federal court jurisdiction.  Many federal district courts in the Ninth Circuit

5    have declined to recognize a fraudulent or improper joinder doctrine as applied to

6    ***plaintiffs*** rather than as to defendants.  *See, e.g.*, *Apilado v. Bank of Am., N.A.*, No.

7    19-cv-00285 JAO-KJM, 2019 WL 4039616, at *2-4 (D. Haw. Aug. 27, 2019)

8    (collecting cases).  This Court should adopt that reasoning here.

9    Even if the doctrine of fraudulent or improper joinder of defendants applied to

10   a plaintiff (and it does not), the facts here do not come close to satisfying the

11   relevant standard: whether the allegedly fraudulently-joined party "fails to state a

12   cause of action" and "the failure is obvious according to the settled rules of the

13   state."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

14   Here, Fanatics VIP is the entity that employs Mr. Hermalyn.  It has standing under

15   California law to bring its good-faith claims against DraftKings.  *See* Cal. Bus. &

16   Prof. Code § 16600, 16600.5, 17200; Cal. Code Civ. Proc. § 1060; *Application*

17   *Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 902 (1998).  Specifically, as

18   Mr. Hermalyn's employer, it is beyond dispute that Fanatics VIP has valid state law

19   claims against DraftKings under California's Business and Professions Code

20   sections 16600 and 17200, and Code of Civil Procedure section 1060, in seeking to

21   have the non-compete and non-solicit agreements voided under state law so that it

22   may continue to employ Mr. Hermalyn without any further cloud.  *See Id.*

23   DraftKings protests that Fanatics VIP was created with a Nevada member in

24   order to destroy diversity in the event of litigation with DraftKings, but that

25   argument is likewise without merit.  That strategic considerations may have entered

26   Fanatics VIP's mind when structuring its operations in the wake of the new Section

27   16600.5 is wholly appropriate.  "[A] Plaintiff has every right to structure and

28   implement suit such that diversity does not exist, and to do so with the intention of

reaching that result." *Kimbrough v. Wyeth*, No. CV-S-04-819-RLH (PAL), 2004 WL 7385976, at *2 n.3 (D. Nev. Nov. 8, 2004) (rejecting claim that, in doing so, "Plaintiffs have somehow sinned against prescribed modes of conduct"). Indeed, courts routinely conclude that the motivations for an entity's corporate structure are irrelevant to the jurisdictional analysis on a remand/removal posture. DraftKings' accusation that Fanatics created a corporate structure in order to maximize the chances that its California state-law claims would be heard in state court has no bearing whatsoever on the analysis here.

For example, in *Plush Lounge Las Vegas, LLC v. Lalji*, the court rejected an argument that the court "can examine the motivation behind the assignment of an interest in an LLC (or the addition of a diversity destroying new member into the LLC)." No. CV 08-8394-GW JTLX, 2010 WL 5094238 (C.D. Cal. Dec. 7, 2010).

Innumerable other cases hold similarly. *See, e.g.*, *Ferguson v. Blue Dot Inc., Inc.*, 659 F.2d 31, 35-36 (5th Cir. 1981): ("Plaintiffs suggest a remand to the district court for an evidentiary hearing as to why Blue Dot was incorporated in Panama. … [T]he reasons for Blue Dot's incorporation in Panama are irrelevant. It is undisputed that Blue Dot is an alien corporation with its principal place of business in Florida. That is sufficient for this Court's decision."); *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) ("However, if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material.") (citing 14 Wright, Miller & Cooper, Federal Practice & Procedure, § 3641 at 111 (1976)); *Doe v. Medalist Holdings, L.L.C.*, No. EDCV171264MWFFFMX, 2017 WL 3836041, at *3 (C.D. Cal. Sept. 1, 2017) ("The Backpage Defendants do not cite a single case from within this Circuit supporting the proposition that a plaintiff's motivation has any bearing in this context [of evaluating fraudulent joinder to defeat diversity jurisdiction]. … Indeed, Plaintiff's counsel could boast that they named Richard solely as a stratagem to defeat diversity, and there is nothing the Backpage Defendants could do about it.");

*Young v. Standard Oil Co.*, 35 F.2d 551, 551 (N.D. Cal. 1929) ("It is probably true that the prevention of removal to the federal courts was one of the objects of the change in the form of the cause of action and the joining of the resident defendant, but this court will not speculate as to this; if there is a joint liability the plaintiff has an absolute right to enforce it, and the motive of the plaintiff, taken by itself, does not affect the right to remove.").

Nor is this a case involving a fraudulent assignment, again unlike the cases cited by DraftKings. The Ninth Circuit case that DraftKings cites for this point, *Attorneys Trust v. Videotape Computer Products, Inc.*, is inapposite, as it was originally filed in federal court rather than removed, and involved, like other fraudulent assignment cases, fractional interests being assigned to parties without any real claim in the case. 93 F.3d 593, 599-600 (9th Cir. 1996) (noting that fraudulent assignment cases are not only about motivation to defeat diversity but "were also cases where the assignee was not truly a real party in interest."). There is no fractional assignment here. To the contrary, Fanatics VIP has stated a claim against DraftKings under California law and is a real party in interest. These other cases also involved more developed factual records, rather than the race to an improper successive removal in a matter of days, as occurred here.

There is nothing in the papers filed in this case or "the four corners of the applicable pleadings," *Harris*, 425 F.3d at 694, that establishes any fraudulent assignment between Fanatics the parent company and its California-based affiliate Fanatics VIP that employs Mr. Hermalyn here in California. Certainly there are no facts or support on the pleadings or documents in this case that would satisfy the burden of proof DraftKings is required to satisfy to invoke this Court's jurisdiction.

DraftKings cannot carry its burden of overcoming the "strong presumption against removal jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Any doubts about jurisdiction should be resolved in favor of remand. *Id.* Where, as here, the facts indicate there

1  is no basis for jurisdiction, remand is mandatory.  28 U.S.C. § 1447(c) ("If at any

2  time before final judgment it appears that the district court lacks subject matter

3  jurisdiction, the case shall be remanded.").

4       Further, DraftKings' failure to file a proper notice of removal does not entitle

5  it to jurisdictional discovery.  To permit discovery here would countenance an abuse

6  of process:  A party could file a baseless notice of removal and then, when

7  challenged, use the improper removal as a springboard for obtaining federal

8  discovery.  Such an outcome would contravene the basic proposition from *Harris*

9  that a case is not removable if the basis for federal jurisdiction is indeterminate from

10  the face of the papers in that case.  *Harris*, 425 F.3d at 693-94.  District courts have

11  refused to permit this kind of maneuver, recognizing that where no basis for

12  jurisdiction appears from the pleadings, a federal court should remand rather than

13  permit discovery that should have been taken in state court.  *See, e.g.*, *Gralnik v.*

14  *DXC Tech., Inc.*, No. CV 21-7436-GW-JCX, 2021 WL 5203333, at *6 (C.D. Cal.

15  Nov. 8, 2021) (quoting *Rotella v. Emeritus Corp.*, No. C 10–03202-SI, 2010 WL

16  5141857, *5 n.1 (N.D. Cal. 2010)).

17       The court should reject DraftKings' *second* removal attempt as yet another

18  impermissible delay tactic done to avoid the Superior Court's jurisdiction, made

19  without substantial basis in law or fact.

20 **V.     PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE**
21  **ATTORNEY'S FEES AND COSTS**

22       28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require

23  payment of just costs and any actual expenses, including attorney fees, incurred as a

24  result of the removal."  As the United States Supreme Court has instructed, "the

25  standard for awarding fees should turn on the reasonableness of the removal" such

26  that "an award of attorneys' fees is appropriate where the removing party lacked an

27  objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,

28  546 U.S. 132, 141 (2005).  District courts have "wide discretion" in awarding fees,

and may do so if the removal was "wrong as a matter of law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003).

In remanding the case the first time, this Court has already set a briefing and hearing schedule for fees and costs. 2:24-cv-00918-MCS-E, ECF 14. The Court should order the same here.

Just as with the first improper removal, here there was likewise no "objectively reasonable basis" for DraftKings' second successive removal. Where "the issues presented . . . as a basis for removal jurisdiction are not novel" and the "impropriety of the removal is apparent," an award of attorney's fees and costs is warranted. *Shamoun v. Peerless Importers, Inc.*, No. 03 CV 1227(NG), 2003 WL 21781954, at *4 (E.D.N.Y. Aug. 1, 2003). That DraftKings has now repeatedly manipulated the removal process in an attempt to subvert Mr. Hermalyn's first-filed action and undermine California's strong public policy protecting employee mobility further supports the imposition of fees and costs. Accordingly, Plaintiffs respectfully request that the Court exercise its discretion and award their fees and costs incurred as a result of DraftKings' baseless removals.

## VI. <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court ***today*** remand this case to the Los Angeles and set a briefing schedule for Plaintiffs to seek fees and costs.

1   DATED:  February 6, 2024     Respectfully submitted,

2

3                            MUNGER, TOLLES & OLSON LLP

4

5                          By:     */s/ Bethany W. Kristovich*

6                                BETHANY W. KRISTOVICH

7                                BRAD D. BRIAN
                                ANNE K. CONLEY

8                                *Attorneys for Plaintiff*
                                MICHAEL Z. HERMALYN

9

10                         QUINN EMANUEL URQUHART &

11                         SULLIVAN, LLP

12                         By:   */s/ David C. Armillei*

13                                  MICHAEL B. CARLINSKY[3]

14                                DAVID C. ARMILLEI
                                *Attorneys for Plaintiff*

15                                FVP, LLC

16

17

18

19

20

21

22

23

24

25

26

27  [3] Signed electronically by Bethany W. Kristovich with the concurrence of David C.

28  Armillei pursuant to L.R. 5-1(i)(3).

## **Local Rule 11-6.1 Certificate of Compliance**

The undersigned, counsel of record for Michael Z. Hermalyn, certifies that this brief contains 3533 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 6, 2024          MUNGER, TOLLES & OLSON LLP


By:   */s/ Bethany W. Kristovich*
          Bethany W. Kristovich
          *Attorneys for Plaintiff*
          MICHAEL Z. HERMALYN