BRAD D. BRIAN (SBN 79001)
brad.brian@mto.com
BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
ANNE K. CONLEY (SBN 307952)
Anne.Conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Plaintiff*
*MICHAEL Z. HERMALYN*

Michael B. Carlinsky (*pro hac vice forthcoming*)
michaelcarlinsky@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave, 22nd Floor
New York, New York 10010
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

David C. Armillei (SBN 284267)
davidarmillei@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Plaintiff*
*FVP, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Michael Z. Hermalyn and FVP, LLC, | Case No. 2:24-cv-00997 |
| Plaintiffs, | **REPLY TO SUPPLEMENTAL OPPOSITION TO *EMERGENCY* EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO BE HEARD ON EMERGENCY MOTION TO REMAND TO TODAY** |
| vs. | |
| DraftKings, Inc., | |
| Defendant. | |
| | Judge:        Hon. Christina A. Snyder |
| | Courtroom:  8D |
| | Trial Date:   Not Set |

---

REPLY TO SUPPLEMENTAL OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO BE HEARD ON EMERGENCY MOTION TO REMAND TO TODAY

Defendant DraftKings, Inc. ("DraftKings") has recently removed the same case ***twice in three days***.  This is an abuse of process.  Last night, DraftKings filed a supplemental opposition to Plaintiffs' ex parte application to shorten time to be heard on Plaintiffs' motion to remand to note that Plaintiff FVP, LLC ("Fanatics VIP")—Plaintiff Michael Hermalyn's new employer, and a California-based affiliate of the digital sports platform Fanatics Holdings, Inc. (together, "Fanatics")—was formed on January 31, 2024, just after Mr. Hermalyn received an initial offer of employment from Fanatics VIP.  DraftKings suggests—citing no legal authority and supported by none that Plaintiffs are aware of—that this timing of corporate formation supports some sort of "sham" plaintiff theory.  There are at least three problems with this argument.

***First***, there is no such doctrine in the Ninth Circuit.  ECF No. 9 at 10-12; ECF No. 11 at 1.  Motivations are beside the point here for the reasons noted in Plaintiffs' moving papers.  *Id.*  Nevertheless, completing the formality of corporate entity formation at closing for fast-moving corporate transactions like this is not uncommon.  *See* ECF No. 15, Ex. A ¶¶ 7, 11, 18, 20; *see also* ECF No. 1-23 (Hermalyn Decl. for state ex parte papers); ECF No. 1-18 (Winiarski Decl. for first motion to remand in federal court case 2:24-cv-00918).  Nor is it unwarranted for a company to form a local entity for a business being set up in that particular jurisdiction and to use that jurisdiction's laws.  DraftKings has cited no law providing otherwise.

***Second***, even applying a "sham" plaintiff doctrine here, the fact that Plaintiffs state a claim under state law is the end of the story.[1]  Undisputed evidence establishes that Mr. Hermalyn is employed by Fanatics VIP.  Thus, under California

---

[1] *See Mooris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

law, both Plaintiffs have claims against DraftKings.[2]  Fanatics VIP is a real party in interest and must be considered for purposes of ascertaining jurisdiction.  Because both Plaintiff Fanatics VIP and Defendant DraftKings are undisputedly citizens of Nevada, there is not complete diversity and remand is required.  28 U.S.C. § 1447.

*Third*, DraftKings' improper, successive removals are nothing more than an attempt to avoid the California court's jurisdiction and the California Legislature's clear mandate that these provisions are not enforceable:

- "[E]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void…."  Cal. Bus. & Prof. Code § 16600(a).
- "[A]ny contract that is void under this chapter is unenforceable regardless of where and when the contract was signed." *Id.* § 16600.5(a).
- "[A] former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California." *Id.* § 16600.5(b).
- "An employer that … attempts to enforce a contract that is void under this chapter commits a civil violation." *Id.* § 16600.5(d).

Decades of California precedent uphold this fundamental and paramount state policy and do not enforce restrictive covenants like the ones at issue here, nor employers' attempts to evade California law and public policy through foreign choice of law and forum provisions. *See, e.g.*, *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 955 (2008) (voiding non-competition agreement); *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 936 (2018) (voiding

---

[2] *See* Cal. Bus. & Prof. Code §§ 16600, 16600.5; *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 902 (1998).

employee non-solicitation agreement); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009) (voiding customer non-solicitation agreement); *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 902 (1998) (voiding choice of law); *G. Cos. Management, LLC v. LREP Ariz., LLC*, 88 Cal. App.5th 342 (2023) (voiding forum selection).

DraftKings is doing in the Massachusetts court exactly what California law prohibits and has defined as a civil violation, and DraftKings is using improper successive removals to evade the California court long enough to obtain its requested relief in Massachusetts.  The only reason a California court has not already declared the employment contracts at issue here unlawful under well-settled California law and public policy is because DraftKings interrupted state court ex parte temporary restraining order proceedings by filing its first notice of removal without any legal basis whatsoever,[3] and then interrupted state court ex parte proceedings again through this second notice of removal based on a made-up doctrine that it is fraudulent to form California subsidiaries that directly hire employees in California.

For these reasons, Plaintiffs' motion should be granted and the matter immediately remanded to state court.

---

[3] *See* Case No. 2:24-cv-00918-MCS-E, ECF No. 14 (remand order).

REPLY TO SUPPLEMENTAL OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO BE HEARD ON EMERGENCY MOTION TO REMAND TO TODAY

1

DATED:  February 8, 2024          MUNGER, TOLLES & OLSON LLP

2

3

4

By:  _____*/s/ Bethany W. Kristovich*_____

5

BETHANY W. KRISTOVICH
*Attorneys for Plaintiff*

6

MICHAEL Z. HERMALYN

7

8

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

9

10

By:  ___*/s/ David C. Armillei*_____

11

DAVID C. ARMILLEI[4]
*Attorneys for Plaintiff*

12

FVP, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Signed electronically by Bethany W. Kristovich with the concurrence of David C. Armillei pursuant to L.R. 5-1(i)(3).

REPLY TO SUPPLEMENTAL OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO BE HEARD ON EMERGENCY MOTION TO REMAND TO TODAY

## **Local Rule 11-6.1 Certificate of Compliance**

The undersigned, counsel of record for Michael Z. Hermalyn, certifies that this filing contains 788 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 8, 2024          MUNGER, TOLLES & OLSON LLP


By:   _____*/s/ Bethany W. Kristovich*_____
                         BETHANY W. KRISTOVICH
                         *Attorneys for Plaintiff*
                         MICHAEL Z. HERMALYN