JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:24-cv-00997-MCS-E** | Date | February 8, 2024 |
|---|---|---|---|

Title   *Hermalyn v. DraftKings, Inc.*

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) REMAND ORDER (ECF NOS. 8–9) (JS-6)**

Plaintiffs Michael Z. Hermalyn and FVP, LLC, bring this action against Defendant DraftKings, Inc., for declaratory relief, injunctive relief, and violations of the California Business and Professions Code. (Compl., ECF No. 1-3.) Asserting diversity jurisdiction, Defendant removed this action from the Los Angeles County Superior Court, No. 24STCV02694. (Notice of Removal, ECF No. 1.) This is the second time Defendant removed the case; upon the first removal, the Court remanded the case on its own motion because the parties were not diverse. Remand Order, *Heramlyn v. DraftKings, Inc.*, No. 2:24-cv-00918-MCS-E (C.D. Cal. Feb. 5, 2024), ECF No. 14.

*Repetita iuvant.* The Court on its own motion remands the case. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states where the amount in

controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court may remand without briefing or argument where "the court's lack of subject matter jurisdiction over an action is clear and unarguable." *Cooper v. Wash. Mut. Bank*, No. C 03-554 VRW, 2003 U.S. Dist. LEXIS 4559, at *5 (N.D. Cal. Mar. 19, 2003) (citing, inter alia, *Maniar v. FDIC*, 979 F.2d 782 (9th Cir. 1992)).

Defendant, like FVP, LLC, is a citizen of Nevada. (Notice of Removal ¶¶ 23, 40.) This time around, Defendant submits that FVP was fraudulently joined to the action, so FVP's citizenship should be disregarded. (*Id.* ¶¶ 33–37.) The Court assumes without deciding the fraudulent joinder doctrine applies where the purportedly fraudulently joined party is a plaintiff. *See Apilado v. Bank of Am., N.A.*, No. 19-00285 JAO-KJM, 2019 U.S. Dist. LEXIS 145454, at *7–10 (D. Haw. Aug. 27, 2019) (collecting cases for the proposition that "Ninth Circuit cases addressing the doctrine apply it exclusively to defendants"). In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse [party] who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

Defendant relies on the first method of establishing fraudulent joinder, actual fraud in the pleading of jurisdictional facts. It offers conjecture and invective to suggest that FVP and its member corporation were organized last week for the purpose of defeating diversity jurisdiction in this action. (Notice of Removal ¶¶ 22–25, 33–37.) Beyond speculation, Defendant offers no evidence of fraud. It supposes that a nascent company can have no headquarters, can employ no people, and can maintain no business relationships. No facts support these arguments, which blissfully ignore the possibility that FVP may have inherited these components of its business from a predecessor organization. Defendant offers no evidence of untoward acts by FVP that might support a finding of fraud, as was the situation in the sole case Defendant offers where a court found fraudulent joinder of a plaintiff. *See Overrated Prods., Inc. v. Univ. Music Grp.*, No. CV 19-2899-RSWL-RAO, 2019 WL 6729718, at *5–7 (C.D. Cal. July 31, 2019) (finding party was fraudulently joined

after detailed analysis of evidence showing a collusive assignment); *cf., e.g., Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) ("[I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material."); *Kimbrough v. Wyeth*, No. CV-S-04-0819-RLH (PAL), 2004 U.S. Dist. LEXIS 35544, at *4 n.3 (D. Nev. Nov. 8, 2004) ("[A] Plaintiff has every right to structure and implement suit such that diversity does not exist, and to do so with the intention of reaching that result; to assert otherwise is nonsense and would imply that a Plaintiff is obliged to provide Defendants with the opportunity to litigate in federal court.").

Nor has Defendant identified a fraud *in the pleading of jurisdictional facts*. The paradigmatic situation for this species of fraudulent joinder is when a plaintiff makes false statements in a pleading about a party's citizenship. See Karen L. Stevenson & James E. Fitzgerald, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* § 2:2425 (Cal. & 9th Cir. ed.) (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332–33 (11th Cir. 2011), and *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998)). Plaintiffs have not falsely pleaded anything bearing on jurisdiction in federal court. Indeed, they have not pleaded *anything* about FVP's citizenship, as their complaint presents no allegations about FVP's members or the citizenship of those members that might be relevant to diversity jurisdiction. (*See* Compl. ¶¶ 13, 16 (asserting facts about FVP relevant to state court jurisdiction and venue inquiry).)

The Court cannot disregard the citizenship of FVP, so complete diversity of citizenship is lacking. 28 U.S.C. § 1332(a). Remand is appropriate. 28 U.S.C. § 1447(c).

The Court lacks jurisdiction over this action and remands it to the Los Angeles County Superior Court, No. 24STCV02694. The Court directs the Clerk to effect the remand immediately and close the case.

The Court denies as moot Plaintiffs' ex parte application to shorten time on a motion to remand. (Appl., ECF No. 8.) The Court denies as moot Plaintiffs' motion to remand, (Mot., ECF No. 9), but retains jurisdiction to consider any post-remand motion by Plaintiffs to recover fees and costs under 28 U.S.C. § 1447(c), *see Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); (*see also* Mot. 13–14 (requesting an award of fees and costs)). The Court sets the following schedule for briefing and argument directed to that issue:

| Event | Date |
|---|---|
| Deadline to file motion for fees and costs | February 12, 2024 |
| Deadline to file response to motion | February 20, 2024 |
| Deadline to file reply in support of motion | February 26, 2024 |
| Hearing on motion | March 11, 2024, at 9:00 a.m. |

Alternatively, the parties may elect to resolve the issue by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further expenditure of resources in federal court. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.**