BRAD D. BRIAN (SBN 79001)
brad.brian@mto.com
BETHANY W. KRISTOVICH (SBN 241891)
bethany.kristovich@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Plaintiff*
*MICHAEL Z. HERMALYN*

Michael B. Carlinsky (*pro hac vice forthcoming*)
michaelcarlinsky@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

David C. Armillei (SBN 284267)
davidarmillei@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Plaintiff*
*FVP, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Michael Z. Hermalyn and FVP, LLC,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DraftKings, Inc.,<br><br>　　　　Defendant. | Case No. 2:24-cv-00918<br>Case No. 2:24-cv-00997<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date:　　　　March 11, 2024<br>Time:　　　　9:00 a.m.<br>Judge:　　　Hon. Mark C. Scarsi<br>Courtroom:　7C<br>Trial Date:　None Set |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................... 1

II. ARGUMENT ..................................................................................................... 2

    A.    DraftKings' Removals Were Objectively Unreasonable and Done for Improper Purposes ................................................................... 2

        1.    DraftKings' First Removal Was Done for an Improper Purpose and Was Unreasonable Because It Lacked Any Basis for Its Claims .................................................................. 2

        2.    DraftKings' Second Removal, Done Just Hours After the Court Remanded, Was Legally Baseless, and the Context Makes Clear that It Was Gamesmanship ...................................... 4

    B.    Plaintiffs' Requested Fees Are Reasonable ........................................... 5

III. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ag Navigator, LLC v. Top Gun Ag LLC*,
   2020 WL 4435426 (D. Neb. Aug. 3, 2020)......................................................... 6

*Bay Park Ctr. for Nursing & Rehab. LLC v. Philipson*,
   659 F. Supp. 3d 312 (E.D.N.Y. 2023)................................................................ 6

*Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*,
   844 F.3d 1133 (9th Cir. 2017)............................................................................ 2

*Cleanup N. Brooklyn v. Brooklyn Transfer LLC*,
   373 F. Supp. 3d 398 (E.D.N.Y. 2019)........................................................... 1, 6

*Collins Ave. Assocs., LLC v. Turner Constr. Co.*,
   2008 WL 11408486 (S.D. Fla. Mar. 3, 2008) .................................................... 6

*Fischer v. SJB-P.D. Inc.*,
   214 F.3d 1115 (9th Cir. 2000)............................................................................ 9

*Gens v. Ferrell*,
   2005 WL 3536112 (N.D. Cal. Dec. 22, 2005) .................................................. 7

*Grancare, LLC v. Thrower ex rel. Mills*,
   889 F.3d 543 (9th Cir. 2018).............................................................................. 4

*Haggett v. Hill*,
   2019 WL 12359430 (C.D. Cal. June 25, 2019)................................................. 9

*Harris v. Bankers Life & Cas. Co*,
   425 F.3d 689 (9th Cir. 2005).........................................................................2, 3

*Hawkins v. Biotronk, Inc.*,
   2017 WL 838650 (C.D. Cal. Mar. 3, 2017) ...................................................... 6

*Int'l Refugee Asst. Project v. Kelly*,
   2017 WL 3263870 (C.D. Cal. July 27, 2017) ................................................... 8

*Intershoe, Inc. v. Filanto S.P.A.*,
   97 F. Supp. 2d 471 (S.D.N.Y. 2000).................................................................. 6

*Isaacs v. USC Keck Sch. of Med.*,
 19-cv-08000, ECF No. 112 (C.D. Cal. May 15, 2020) ........................................... 7

*JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*,
 127 F. Supp. 2d 700 (D. Md. 2001) ..................................................................... 6

*Johnson v. Columbia Props. Anchorage, LP*,
 437 F.3d 894 (9th Cir. 2006) ................................................................................ 2

*Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*,
 512 F. App'x 485 (6th Cir. 2013) ......................................................................... 6

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
 707 F.3d 1136 (9th Cir. 2013) .............................................................................. 3

*League of Women Voters of Penn. v. Penn.*,
 921 F.3d 378 (3d Cir. 2019) ................................................................................. 8

*Lis v. Koninklijke Philips N.V.*,
 2024 WL 549060 (W.D.N.Y. Feb. 12, 2024) ....................................................... 6

*Lopez v. Allied Packing & Supply Inc.*,
 2016 WL 3068392 (N.D. Cal. June 1, 2016) ................................................... 6, 7

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005) .............................................................................................. 1

*Nat'l Pork Producers Council v. Ross*,
 598 U.S. 356 (2023) .............................................................................................. 5

*Oriska Corp. v. Garden Care Ctr., Inc.*,
 2022 WL 2834940 (E.D.N.Y. July 20, 2022) ...................................................... 6

*Overrated Productions, Inc. v. Universal Music Group*,
 2019 WL 6729718 (C.D. Cal. July 31, 2019) ...................................................... 4

*ProMed Cap. Venture, LLC v. Deerfield Beach Outpatient Surgical
 Ctr., LLC*,
 2024 WL 580792 (D. Nev. Feb. 13, 2024) ........................................................... 6

*Resolution Trust Corp. v. Bayside Developers*,
 43 F.3d 1230 (9th Cir. 1994) ................................................................................ 3

*Sell v. Cabral*,
 2020 WL 3577874 (C.D. Cal. June 30, 2020) ...................................................... 9

*Smith v. S. Pac. Co.*,
  187 F.2d 397 (9th Cir. 1951) ............................................................................... 4, 5

*Toxic Injuries Corp. v. Safety-Kleen Corp.*,
  57 F. Supp. 2d 947 (C.D. Cal. 1999) ......................................................................... 6

*Winterrowd v. Am. Gen. Ann. Ins. Co.*,
  2004 WL 7333894 (C.D. Cal. Oct. 20, 2004) ......................................................... 7

*Woodhouse v. U.S.*,
  2021 WL 6333451 (C.D. Cal. Dec. 31, 2021) ......................................................... 7

**STATE CASES**

*Application Grp., Inc. v. Hunter Grp., Inc.*,
  61 Cal. App. 4th 881 (1998) ..................................................................................... 4

**FEDERAL STATUTES**

28 U.S.C. § 1447 ............................................................................................................ 1, 3, 7

28 U.S.C. § 1651 ........................................................................................................................ 1

28 U.S.C. § 1927 ........................................................................................................................ 1

**STATE STATUTES**

Cal. Bus. & Prof. Code § 16600 ............................................................................................ 4

Cal. Bus. & Prof. Code § 16600.5 ......................................................................................... 4

**FEDERAL RULES**

Fed. R. Civ. P. 11 ..................................................................................................................... 1,3

C.D. Cal. L.R. 11-9 ................................................................................................................... 1

C.D. Cal. L.R. 83-1.2.2 ............................................................................................................ 5

C.D. Cal. L.R. 83-1.3.1 ............................................................................................................ 5

C.D. Cal. L.R. 83-7 ................................................................................................................... 1

## I. INTRODUCTION

DraftKings twice removed this case to federal court contrary to controlling precedent and without factual basis. It did so for an improper purpose: to delay Mr. Hermalyn's attempts to seek a temporary restraining order in state court, buy time to file its own lawsuit in Massachusetts, and obtain its own TRO while Plaintiffs were stuck in removal-remand limbo.

Games like DraftKings has been playing are exactly what the Supreme Court had in mind in *Martin v. Franklin Capital Corp.*, when it held that fees under 28 U.S.C. § 1447(c) may be awarded for objectively unreasonable removals or other circumstances consistent with the statute's purpose to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." 546 U.S. 132, 140-41 (2005). DraftKings' conduct—baselessly removing to gain an improper advantage—therefore supports an award of fees under § 1447(c), and independently warrants fees as sanctions under Federal Rule of Civil Procedure 11(c)(3), the Court's inherent powers, 28 U.S.C. § 1927, and Local Rules 11-9 and 83-7, as well as an order under 28 U.S.C. § 1651(a) requiring DraftKings to obtain permission from this Court before attempting to remove this case again.

DraftKings should not be allowed to avoid the consequences of its own actions. It challenges only the hours Plaintiffs' counsel spent responding to its removals, not their rates. Plaintiffs' contemporaneously recorded hours are reasonable: They are commensurate with time courts have awarded and consistent with § 1447(c)'s provision for fees "incurred as a result of the removal." The "fault" for the fees "lies with [DraftKings]" alone, because "[h]ad [DraftKings] litigated sensibly, [it] would not be responsible for the fees." *Cleanup N. Brooklyn v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 408 (E.D.N.Y. 2019).

-1-
NOTICE OF MOTION

## II. ARGUMENT

### A. DraftKings' Removals Were Objectively Unreasonable and Done for Improper Purposes

DraftKings provides no legal or factual bases for its successive removals. Instead, its brief confirms they were done for improper purposes.

#### 1. DraftKings' First Removal Was Done for an Improper Purpose and Was Unreasonable Because It Lacked Any Basis for Its Claims

DraftKings first removed fewer than 12 hours after receiving a copy of the complaint, claiming diversity jurisdiction. It did so with no knowledge of or investigation into the citizenship of Plaintiff FVP, LLC. DraftKings even admitted its first removal was done to delay Mr. Hermalyn's ability to seek emergency relief the morning after he filed and served his complaint. (Case No. 24-00997, ECF No. 1 at 12, ECF No. 24 at 14.) This removal was contrary to bedrock Ninth Circuit law.

An LLC is a citizen of all states where its members are located. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). FVP, LLC is an LLC—it is in the name. The complaint said nothing about the LLC's membership, as that was not a required element of the pleading. DraftKings admits it knew nothing about FVP's membership. (Case No. 24-00997, ECF No. 24 at 12.) And yet, almost twenty years after *Johnson*—and despite citing *Johnson*—DraftKings removed this case to delay the state court TRO, asserting FVP's citizenship without any evidentiary support or investigation and, contrary to *Johnson*, claiming diversity of citizenship based on the complaint. (Case No. 24-00918, ECF No. 1 at 9.) In doing so, DraftKings committed what the Ninth Circuit has been clear for, again, almost two decades is an improper, sanctionable removal. *Harris v. Bankers Life & Cas. Co*, 425 F.3d 689, 697 (9th Cir. 2005) ("[A] premature notice of removal may lead to the imposition of Rule 11 sanctions."); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142

(9th Cir. 2017) ("fees and sanctions" result from "filing a premature (and baseless) notice of removal"). Rule 11(b) required "an inquiry reasonable under the circumstances" that the Notice of Removal was not "for any improper purpose" like "delay," its "legal contentions [were] warranted by existing law," and its "factual contentions have evidentiary support." The opposite happened here.

DraftKings tries to blame its improper removal on Plaintiffs for not pleading or providing LLC information. But DraftKings did not request information regarding FVP's corporate citizenship until *after* its removal. (Case No. 24-00997, ECF No. 1-24 at 18-25.) And it never addresses *Harris*'s controlling precedent that a state court plaintiff need not plead this information, and since removability "is determined through examination of the four corners of the applicable pleadings," where, like here, "no ground for removal is evident in that pleading, the case is 'not removable' at that stage." 425 F.3d at 694. DraftKings' purported concern over somehow waiving its window to remove if it did not remove within hours of receiving the complaint likewise fails. (Case No. 24-00997, ECF No. 24 at 13-14.) Waiver can occur only "after it is apparent that the case is removable." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). When an initial pleading—like Plaintiffs'—does not "affirmatively reveal information to trigger removal based on diversity jurisdiction," the "case [is] not removable on the basis of the initial pleading" and the 30-day clock is not ticking. *Harris*, 425 F.3d at 690-96.

The Ninth Circuit is clear that when a case is not removable on the face of the complaint or any other paper in hand at that time, *it is simply not removable*. Section 1447 "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). There is no license to remove first and ask questions later as DraftKings did here.

### 2. DraftKings' Second Removal, Done Just Hours After the Court Remanded, Was Legally Baseless, and the Context Makes Clear that It Was Gamesmanship

Mere hours after this Court's first remand, DraftKings removed again. This second removal was just as objectively unreasonable and sanctionable as the first: It again claimed diversity, this time crying fraud without any evidentiary support and pushing a legal theory foreclosed by existing law. The surrounding context—that it rushed to file suit in Massachusetts and violated basic rules in this District—suggests this was continued gamesmanship.

On the merits, DraftKings' second removal was objectively unreasonable. It claimed it learned new facts supporting an argument to extend existing law on fraudulent joinder. (Case No. 24-00997, ECF No. 1 at 18-21, ECF No. 24 at 15.) Even if this doctrine applied to plaintiffs, since the 1950s, *see Smith v. S. Pac. Co.*, 187 F.2d 397, 400 (9th Cir. 1951), the Ninth Circuit has evaluated whether (1) the purportedly fraudulent party can possibly state a claim under the relevant state law, or (2) there was "actual fraud in the pleading of jurisdictional facts," *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

As this Court held, DraftKings "offer[ed] no evidence of fraud." (Case No. 24-00997, ECF No. 19 at 2.) Instead, DraftKings' justification hinged on its theory that the joinder of FVP was a purported sham "for the sole purpose of destroying diversity." (Case No. 24-00997, ECF No. 1 at 18-20.) Factually, there was no assignment of a claim, unlike *Overrated Productions, Inc. v. Universal Music Group*, 2019 WL 6729718, *5-7 (C.D. Cal. July 31, 2019). Noticeably also absent was any argument by DraftKings that FVP could not possibly state a claim against DraftKings under the relevant California law. That is because, for decades, employers like FVP have had California-law claims against former employers seeking to enforce illegal restrictive covenants against employees like Mr. Hermalyn. Cal. Bus. & Prof. Code §§ 16600, 16600.5; *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 902 (1998).

Given FVP's live claim, DraftKings' removal theory was foreclosed by *Smith*: The Ninth Circuit held as a "correct proposition[] of law" that if liability is a possibility based on the complaint, the "motive in joining the [allegedly fraudulently joined party] is not fraudulent even if the sole reason for joinder is to prevent removal." 187 F.2d at 399-400; *see also* Case No. 24-00997, ECF No. 19 at 3 (citing cases for similar proposition).

This is not a case of attempting a good faith extension of the law. DraftKings had zero factual support and legal authority for its fraudulent joinder theory against a company with a valid claim. That a company may avail itself of favorable laws in a particular state is, as the Supreme Court has noted, a common, accepted feature of our federal system. *See Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 374 (2023) (state tax, environmental, and other laws influence individuals' and companies' location decisions). It is not a basis for removal.

In addition to being legally baseless, DraftKings' second removal also was done for the improper purpose of delaying the case. By immediately successively removing, DraftKings evaded the state court TRO Mr. Hermalyn filed just hours before DraftKings' second removal. DraftKings also failed to file the required Notice of Related Case with its Notice of Removal, *see* Cal. L.R. 83-1.2.2, 83-1.3.1, despite its counsel's previously routine compliance with the requirement, *see* Case No. 24-00997, ECF No. 23 at 5. This context and past practice belie its excuse—its notation of the other case number on the administrative civil cover sheet—which fails scrutiny anyway: Under counsel's signature on the sheet was a notice that the form "neither replaces nor supplements the filing and service of pleadings or other papers as required by law"—such as the Notice of Related Case. (Case No. 24-00997, ECF No. 2 at 3.)

**B.     Plaintiffs' Requested Fees Are Reasonable**

DraftKings does not contest Plaintiffs' counsel's rates. Instead, it asks the Court to either (1) award no fees because other cases declined to award fees for

improper removals, or (2) reduce the number of hours awardable for any fees. (Case No. 24-00997, ECF No. 24 at 18.)

***First,*** no case cited by DraftKings involved anything close to the situation here, because those cases involved stipulated remands, no improper purpose, no prejudice, and no controlling law.[1]

***Second,*** Plaintiffs performed the work they believed was necessary and did so as efficiently as possible under emergency circumstances. They did not know that DraftKings may pay for these hours and had no incentive to over-work the file. Some cases present straightforward circumstances with fewer hours worked (and hence smaller fee awards), but courts award fees for similar hours as here (around 150 hours for the first removal and 90 hours for the second).[2] When these

---

[1] *See, e.g.*, *Collins Ave. Assocs., LLC v. Turner Constr. Co.*, 2008 WL 11408486, at *1-2 (S.D. Fla. Mar. 3, 2008) (stipulated remand; no evidence of improper purpose); *ProMed Cap. Venture, LLC v. Deerfield Beach Outpatient Surgical Ctr., LLC*, 2024 WL 580792, at *1 (D. Nev. Feb. 13, 2024) (stipulated remand); *Lopez v. Allied Packing & Supply Inc.*, 2016 WL 3068392, at *1-2 (N.D. Cal. June 1, 2016) (removal argument not foreclosed by precedent); *Hawkins v. Biotronik, Inc.*, 2017 WL 838650, at *4 (C.D. Cal. Mar. 3, 2017) (close question on fraudulent joinder); *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 957-58 (C.D. Cal. 1999) (Article III standing issues); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F. Supp. 2d 700, 702 (D. Md. 2001) (no Fourth Circuit precedent on LLC citizenship); *Ag Navigator, LLC v. Top Gun Ag LLC*, 2020 WL 4435426, at *2-3 (D. Neb. Aug. 3, 2020) (removal reasonable based on argument precluded in Ninth Circuit under *Harris*); *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 472 (S.D.N.Y. 2000) (no prejudice); *Lis v. Koninklijke Philips N.V.*, 2024 WL 549060, at *2 (W.D.N.Y. Feb. 12, 2024) (same).

[2] *Cleanup N. Brooklyn*, 373 F. Supp. 3d at 406-08 (351.35 hours worked; 232.72 hours awarded); *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 494 (6th Cir. 2013) (165 hours worked; awarded with reduction); *Bay Park Ctr. for Nursing & Rehab. LLC v. Philipson*, 659 F. Supp. 3d 312, 322 (E.D.N.Y. 2023) (129.4 hours worked; 88.8 hours awarded); *Oriska Corp. v. Garden Care Ctr., Inc.*, 2022 WL 2834940, *6 (E.D.N.Y. July 20, 2022) (127.8 hours worked; 93.4 hours awarded).

-6-
NOTICE OF MOTION

reasonable hours are multiplied by counsel's undisputed, reasonable rates, the products are the current requests.[3]

DraftKings argues Plaintiffs' requests include work not compensable under section 1447(c), such as federal ex parte applications and research on substantive relief in federal court. Plaintiffs would not have done this work but for DraftKings' improper removals to federal court. DraftKings' single case for the proposition that this work is not compensable does not support that conclusion. *Gens v. Ferrell* rejected fees for "additional work caused by removal" when that work included "related scheduling matters, review of deposition schedule, review of motion to consider consolidation after removal, and drafting opposition and objection to motion to consider"—in other words, "tasks that would have been undertaken anyway for the underlying action." 2005 WL 3536112, at *4 (N.D. Cal. Dec. 22, 2005). That is not the case for any of Plaintiffs' requested fees.

DraftKings challenges a number of specific categories of work, addressed below, but DraftKings also generally criticizes the amount of time Plaintiffs spent. Those criticisms ignore that these were two separate remand motions, two separate ex parte applications, and a host of other supporting documents, all done on very short time. (Case No. 24-00918, ECF Nos 10 and 10-1-3, 12 and 12-1-3, 13; Case No. 24-00997, ECF Nos. 6-8 and 8-1-3, 9 and 9-1, 11, 16.) Unlike *Lopez*, 2016 WL 3068392, on which DraftKings relies, this is not a situation where the time worked gives credence to Draft Kings' arguments. DraftKings' two different removals asserting two different theories were both foreclosed by precedent, but Plaintiffs

---

[3] Six-figure-plus fee awards are not unknown in this District, and DraftKings' counsel's firm has been involved in several, for and against its client. *See, e.g.*, *Woodhouse v. U.S.*, 2021 WL 6333451, *1-2 (C.D. Cal. Dec. 31, 2021); *Winterrowd v. Am. Gen. Ann. Ins. Co.*, 2004 WL 7333894, *9 (C.D. Cal. Oct. 20, 2004); *Isaacs v. USC Keck Sch. of Med.*, 19-cv-08000, ECF No. 112, at 3 (C.D. Cal. May 15, 2020).

reasonably spent time combatting them on an emergency basis. That two separate sets of two separate motions were prepared so close together in time is due to DraftKings' brazenness in flouting the Court's first remand order.

With respect to the specific categories of work DraftKings challenges:

First, DraftKings challenges the fact that Plaintiffs continued to work after filing the motion to remand. This is no surprise: Plaintiffs requested an emergency hearing on their remand motion and had no way of knowing whether the Court would schedule the rest of the briefing and a hearing on a moment's notice. At the same time, DraftKings had informed Plaintiffs that it intended to seek jurisdictional discovery. The time spent the weekend after filing the motion to remand was in response to those circumstances. The core team of attorneys worked essentially non-stop on the motion to remand and supporting papers until they were filed, and then continued to work over the weekend to be ready for any expedited briefing and hearing. Time spent anticipating arguments and preparing responses was time appropriately spent in response to DraftKings' improper removal. *See League of Women Voters of Penn. v. Penn.*, 921 F.3d 378, 387 (3d Cir. 2019) (noting removal "presented plaintiffs with an emergency situation and a range of complex legal issues to address in a short period of time"); *Int'l Refugee Asst. Project v. Kelly*, 2017 WL 3263870, *6-9 (C.D. Cal. July 27, 2017) (awarding DraftKings' counsel's firm over $400,000 in attorney fees and declining "to penalize [them] for operating as they did within the rushed timetable Respondents created" due to the "emergency created by Respondents' conduct," noting "the necessity of 'frontloading' the work" for "emergency relief").

DraftKings criticizes the time spent on the Notice of Related Case. But because DraftKings failed to file it, Plaintiffs had to. The Notice was substantive, but that was due to the second emergency remand required by DraftKings; as explained in the Notice, it provided notice of and the bases for Plaintiffs'

subsequently filed emergency remand and ex parte papers.  (*See* Case No. 24-00997, ECF No. 6.)

DraftKings also argues that certain time entries were vague.  Plaintiffs' counsel has provided the information they understand is required to substantiate their request for fees incurred by DraftKings' misconduct, submitting the tables required under the Court's Standing Order § 10(d) for attorney's fees motions and additional information in counsel's detailed declarations.  *See, e.g.*, *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (counsel "not required to record in great detail how each minute of his time was expended"; "listing his hours and identifying the general subject matter" satisfies burden).  Plaintiffs' counsel are ready to address any questions at the hearing or provide any supplemental information the Court requests to validate their time.

Finally, DraftKings' cases are inapposite.  In *Haggett v. Hill*, the court discounted fees where counsel spent over 12 hours on a couple of short meet-and-confer emails and drafted both an excessively substantive "Notice of Intent to File Motion for Remand" and motion to remand *after* the court had already issued an order to show cause to the removing defendant.  2019 WL 12359430, at *4-5 (C.D. Cal. June 25, 2019).  In *Sell v. Cabral*, the court discounted for work that was anticipated but not actually done.  2020 WL 3577874, *5 (C.D. Cal. June 30, 2020).  Plaintiffs only seek fees for time reasonably and actually worked before the Court's remand orders.

To be clear, Plaintiffs took a conservative approach in DraftKings' favor to their fee request, omitting entire compensable categories of work.  Plaintiffs stand by the hours worked and fees requested, acknowledging they are substantial.  They are the direct result of DraftKings' actions that warrant imposition of these fees.

## III. CONCLUSION

Plaintiffs' request the Court enter an award of attorneys' fees against DraftKings in the amount requested.

```
 1
 2  DATED: February 26, 2024          Respectfully submitted,
 3
                                      MUNGER, TOLLES & OLSON LLP
 4
 5
 6                                    By:    /s/ Bethany W. Kristovich
                                             BETHANY W. KRISTOVICH
 7                                           Attorneys for Plaintiff
 8                                           MICHAEL Z. HERMALYN
 9
10                                    QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
11
12                                    By:    /s/ David C. Armillei
                                             DAVID C. ARMILLEI[4]
13                                           Attorneys for Plaintiff
14                                           FVP, LLC
```

---

[4] Signed electronically by Bethany W. Kristovich with the concurrence of David C. Armillei, pursuant to L.R. 5-1(i)(3).

**Local Rule 11-6.1 Certificate of Compliance**

The undersigned, counsel of record for Michael Z. Hermalyn, certifies that this brief contains 2,999 words, which complies with the word limit of Judge Scarsi's Standing Order § 9(d).

DATED: February 26, 2024        MUNGER, TOLLES & OLSON LLP


By:    */s/ Bethany W. Kristovich*
           BETHANY W. KRISTOVICH
           *Attorneys for Plaintiff*
           MICHAEL Z. HERMALYN